983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Kerry EPPS, Defendant-Appellant.
 No. 91-5884.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: December 31, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-91-64-R)
 Jeffrey D. Rudd, Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before RUSSELL, PHILLIPS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kerry Epps appeals from the district court's order denying his Motion to Suppress Evidence. After a jury trial, Epps was found guilty of possessing with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C.A. # 8E8E # 841(a)(1) and 841(b)(1)(B) (West 1981 & Supp. 1992). He is serving a seventy-five month prison term, after which he will be subject to five years of supervised release. Finding no error in the district court's suppression decision, we affirm.
 
 I.
 
 2
 In the early morning of April 4, 1991, Roanoke City police officers received a police bulletin from the county police department asking them to be on the lookout for a black Hyundai carrying several black men who might be carrying handguns. The men were believed to have been involved in an unspecified disturbance at a county motel. Acting on this information, city officers Oakes and Lovern stopped the black Hyundai in which Epps was a back-seat passenger. All three occupants exited the vehicle.
 
 
 3
 Sergeant Hurley, who arrived on the scene along with other officers after the stop, procured Epps's social security number, date of birth, and other particulars, and ran a DMV check after Epps was unable to provide identification; that check revealed that Epps had previously been charged for carrying a concealed weapon. Hurley thereupon asked Epps to place his hands against the car for purposes of conducting a pat-down frisk for weapons. Epps briefly complied, but then immediately ran away. Several officers pursued him, and in the course of that chase, Officer Fuller found a dark athletic jacket on the ground which bore the word "Bears" in red lettering on the back. Epps had been observed wearing the same jacket earlier. Inside the pockets of that jacket, Fuller found $3439 in cash, a plastic bag containing white cubes covered with a white powdery substance, which later proved to be thirteen pieces of crack cocaine, and a second plastic bag containing pills.
 
 
 4
 Epps was indicted for violating 21 U.S.C.A. # 8E8E # 841(a)(1) and 841(b)(1)(B). He unsuccessfully moved to suppress the evidence found in his coat, and was later found guilty and convicted for the indicted offenses. This appeal followed.
 
 II.
 
 5
 The district court denied Epps's suppression motion after determining that no Fourth Amendment seizure had occurred. We review this determination under the "clearly erroneous" standard. See United States v. Wilson, 895 F.2d 168 (4th Cir. 1990).
 
 
 6
 Epps concedes on appeal that the stop of the car and brief questioning of the occupants were warranted under Terry v. Ohio, 392 U.S. 1 (1968). He also concedes that, as a general rule, police officers may conduct a frisk for weapons in the course of a Terry stop if they reasonably suspect that the person stopped is armed, but argues that Sergeant Hurley had no reasonable suspicion here, thus invalidating the request for a weapons frisk and tainting the subsequent seizure and search of his coat.
 
 
 7
 We disagree. Reasonable suspicion requires some minimal level of objective justification-more than a mere hunch, but something less than probable cause. United States v. Sokolow, 490 U.S. 1 (1989). The totality of the circumstances test is used to determine whether this standard has been met. Id. At the time Hurley requested that Epps undergo a pat-down frisk for weapons, he knew that the occupants of the vehicle were suspected of carrying weapons, and also knew that Epps had a previous charge for carrying a concealed weapon. This was certainly sufficient to support his request for a frisk, even if this information was drawn from other police personnel, rather than his own observations. See United States v. Hensley, 469 U.S. 221 (1985) (auto stop based on bulletin issued by another police department).
 
 
 8
 Furthermore, the Supreme Court held in California v. Hodari D., 59 U.S.L.W. 4335 (U.S. 1991), that a seizure does not occur for Fourth Amendment purposes unless physical force is applied or unless a person submits to a show of police authority. Thus, in Hodari D. where the suspect fled at the site of the police and threw down a small rock which later proved to be cocaine, no seizure was found and the cocaine was deemed abandoned. In the present case, although Epps apparently submitted to police authority when the valid Terry stop was initiated, he unequivocally reflected a change of mind when he fled. His situation was thus no different from that of the defendant in Hodari D., and-as in that case-he was no longer seized while in flight. His jacket and its contents must therefore be deemed abandoned. As a defendant cannot challenge the seizure of an object which he or she has abandoned, see Abel v. United States, 362 U.S. 217 (1960), Epps's challenge to the seizure of evidence supporting his conviction must fail.
 
 
 9
 In summary, we find that the district court did not clearly err in determining that no seizure occurred and thus affirm its decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED